SALVÁ, DEMANDANTE Y APELANTE, *v.* RIVERA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre desahucio.

No. 2665.—Resuelto en noviembre 24, 1922.

DESAHUCIO — PRUEBA INSUFICIENTE. — Para que pueda prosperar una acción de desahucio establecida por una mujer casada sin la concurrencia de su esposo, respecto a una finca que a pesar de ser adquirida constante el matrimonio se alega ser un bien privativo de ella, es necesario destruir con prueba robusta la presunción de ganancial, especialmente cuando como en este caso la alegación sobre el carácter privativo de la finca es controvertida por el demandado.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. E. Casalduc.*

Abogado de la apelada: *Sr. J. R. Quiñones.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un caso de desahucio en apelación procedente de la Corte de Distrito de San Juan, Primer Distrito.

Se alega en la demanda que la demandante es dueña de cierta finca urbana y que la demandada, sin tener título alguno, la posee no pagando canon o merced a dicha demandante.

La parte demandada contestó la demanda, alegando que es condueña de la referida finca; que la casa la compró con dinero propio de ella, y el solar lo hubo en unión de Jesús Jiménez, con quien había vivido en concubinato por espacio de diez y ocho años.

En la segunda comparecencia que dispone la Ley de Desahucio y en la que se practicaron las pruebas, la demandada presentó una moción en la que se afirma simplemente que la demandante es una mujer casada y no tiene derecho a demandar en este caso.

La corte inferior reservó su resolución a la moción antedicha, y en 7 de noviembre de 1921 dictó sentencia declarando sin lugar la demanda.

No conforme con la sentencia, la demandante ha establecido el presente recurso.

Se señalan tres errores por la parte apelante.

El primero y segundo error se refieren a que la corte inferior permitió presentar la moción de la demandada arriba mencionada, y que se admitió como una excepción previa a la demanda. La corte inferior no resolvió dicha moción cuando fué presentada, sino se reservó considerarla en relación con la prueba practicada cuando fuera a dictar sentencia. Según los términos de la sentencia apelada, la corte inferior no calificó de excepción previa la moción de la demandada, ni tampoco podía así calificarse porque las excepciones se dirigen a cuestiones que aparezcan de los hechos que se alegan en una demanda y la cuestión planteada por la demandada no resulta de la demanda. Más bien podía admitirse que se trataba de una moción de *nonsuit,* sin que, por tanto, aparezcan come-

tidos los errores que ha señalado el apelante en relación con dicha moción.

El tercer error consiste en que la corte inferior erró al apreciar la prueba.

No se alegó en la demanda el estado civil de la demandante y de la prueba es que resulta que es casada con Juan Díaz y que durante el matrimonio adquirió la finca de este caso. Bien es cierto que en la escritura de adquisición se hace constar llanamente que el esposo de la demandante reconoce que el dinero invertido en la compra pertenece a ella en propiedad, y no a la sociedad de gananciales. Sin embargo, la sola manifestación del esposo, sin expresarse la procedencia del dinero ni otros datos que pudieran corroborar tal manifestación, constituiría simplemente un principio de prueba, pero no bastante para establecer el carácter de bien privativo de la finca, cuando así fuere objeto de impugnación, como ocurre en el presente caso, y sin que tampoco resulte confirmada aquella manifestación del resto de la prueba practicada por la demandante.

En la prueba testifical nada encontramos que pueda completar la insuficiencia de la prueba documental en cuanto a ese extremo. Declararon tres testigos. El testigo Jesús Jiménez, vendedor, que es la persona con quien la demandada vivió en concubinato por muchos años y a quien la demandada alude en su contestación, se concreta más bien a intentar demostrar el origen y la forma cómo él adquirió la referida finca, pero también dice que la finca la vendió a Juan Díaz y Julia Salvá. Esta declara también en el juicio pero solamente hace la simple afirmación de haber adquirido la finca como un bien privativo suyo sin que hiciera ninguna otra manifestación en relación con ese extremo. El último testigo, José Rodríguez Vélez, declara con el único objeto de demostrar la forma en que adquirió la finca el vendedor Jesús Jiménez. En nada se refiere a la demandante.

No vemos la pertinencia de esa prueba, ya que Jesús Jimé-

nez no es parte en este caso. La prueba en conjunto es insuficiente, y la sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.